UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

BRIAN POWERS,

    Plaintff,

v.

BARFIELD FENCE AND FABRICATION, INC.,
a Florida corporation and LINDSAY B.
WHITTAKER, individually,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, BRIAN POWERS, by and through the undersigned counsel, files this Complaint against Defendants BARFIELD FENCE AND FABRICATION, INC. and LINDSAY B. WHITTAKER, individually, and states as follows:

### JURISDICTION AND VENUE

1. Jurisdiction in this court is proper as the claims are brought pursuant to the Fair Labor Standard Act, as amended (29 U.S.C. § 201, *et seq.*, hereinafter the "FLSA") to recover unpaid overtime wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

2. The jurisdiction of this Court over this controversy is based upon 29 U.S.C. § 216 and 28 U.S.C. § 1331.

3. Venue is proper in this Court pursuant to 28 U.S.C. 1331(b) as the events or omissions giving rise to the claims alleged herein occurred in Orange County, Florida, within the Middle District of Florida, Orlando Division.

## STATEMENT OF FACTS

4. Plaintiff, at all times relevant to this Complaint, was and is a resident of Orange County, Florida.

5. At all times relevant to this Complaint, BARIFIED FENCE AND FABRICATION ("BARFIELD") was a Florida corporation with a principle place of business in Orange County, Florida.

6. At all times relevant to this Complaint, LINDSAY B. WHITTAKER ("WHITTAKER") was an individual resident of Orange County, Florida.

7. At all times relevant to this Complaint, WHITTAKER owned and operated BARFIELD and regularly exercised the authority to hire and fire employees of BARFIELD, determined work schedules for the employees of BARFIELD, and controlled the finances and operations of BARFIELD. By virtue of having regularly exercised that authority on behalf of BARFIELD, WHITTAKER is an employer as defined by 29 U.S.C. 201 *et seq*.

8. BARFIELD is an enterprise engaged in interstate commerce with an annual gross volume of sales not less than $500,000.

9. At all times relevant to this Complaint, Plaintiff was an employee of BARFIELD and WHITTAKER and was compensated on an annual salary basis, paid on a twice per month basis.

10. On or about June 17, 2013, Plaintiff was promoted by Defendants to the job of Project Manager. Prior to this promotion, Plaintiff worked as a sales representative for Defendants.

11. From June 17, 2013 through March 31, 2014, Plaintiff was required, permitted, or suffered to work overtime in excess of forty hours per week.

12. Defendants did not pay, and Plaintiff did not receive, compensation at one and a half times his regular rate of pay for the hours worked in excess of forty per week.

13. Plaintiff has retained the law firm of Jackson W. Adams, P.A. to represent Plaintiff in this litigation, and has agreed to pay the firm a reasonable fee for its services.

### COUNT I RECOVERY OF OVERTIME COMPENSATION

14. Plaintiff adopts and incorporates by reference all allegations contained in paragraphs 1-13 above.

15. Plaintiff is entitled to be paid one and a half times his regular rate of pay for all hours worked in excess of forty per week.

16. At all times relevant to this Complaint, Defendants failed to maintain proper time records as mandated by the FLSA.

17. Defendants actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory rate of one and a half times Plaintiff's regular rate of pay for the hours worked in excess of forty per week when Defendants knew or should have known such was due.

18. Defendants also failed to comply with Title 29 of the United States Department of Labor Regulations, 29 C.F.R. §§ 516.2 and 516.4 by failing to keep adequate records of actual time worked by Defendants' employees and by failing to properly disclose or apprise Plaintiff of his rights under the FLSA.

19. Due to the intentional, willful, and unlawful violation of the FLSA by Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty hours per week, plus liquidated damages.

20. Plaintiff is also entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. 216.

WHEREFORE, Plaintiff respectfully requests that this Court:

a. accept jurisdiction over this action;

b. award damages for the amount of unpaid overtime compensation owed to Plaintiff;

c. award liquidated damages pursuant to 29 U.S.C. § 215(b) in an amount equal to the overtime compensation owed to Plaintiff;

d. award post-judgment interest, reasonable attorney's fees, and costs pursuant to 29 U.S.C. § 216; and

e. award all other relief as this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury on all issues and claims so triable.

Dated this 5th day of May, 2014

                                          JACKSON W. ADAMS, P.A.
                                        33 East Robinson Street Ste. 206
                                        Orlando, FL 32801
                                        Telephone (407) 545-2249
                                        Facsimile (407) 386-7915
                                        Attorney for Plaintiff

                                        /s/ Jackson W. Adams
                                        JACKSON W. ADAMS
                                        Florida Bar No.: 47970
                                        Primary email: jadams@jwa-law.com